## IN RE ESTATE OF KARL SIEKER.

### HEINRICH SIEKER, APPELLANT, v. AUGUST SIEKER, ADMINIS-TRATOR, ET AL., APPELLEES.

#### FILED MAY 6, 1911. No. 16,393.

**Wills:** PROBATE: NOTICE. Section 140, ch. 23, Comp. St. 1909, provides that the notice of the time and place for hearing an application for probating a will shall "be given by personal service on all persons interested, or by publication under an order of such court, in such newspaper printed in this state as the judge shall direct." This confers the discretion upon the county court to order the notice to be given personally to all persons interested, or, instead thereof, that it be given by publication. The fact that the immediate relatives of the decedent all reside within the county where the application for probate is made will not render bad the service by publication, and the court will have jurisdiction to hear the cause and decide the questions involved in such hearing.

APPEAL from the district court for York county: GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*France & France*, for appellant.

*C. F. Stroman* and *Power & Meeker*, contra.

REESE, C. J.

Karl Sieker, a resident of York county, died testate in said county on the 9th day of December, 1907, leaving a

widow and a family of children, of which plaintiff was
one. After the death of Karl, and on the 10th day of
February, 1908, his will was presented to the county
court for probate. The widow and all the heirs resided
in York county. Upon the production of the will, with
the petition of August Sieker, for its admission to pro-
bate, the county judge made an order reciting the fact of
the application for the probating of the will, and fixing
the 7th day of March, 1908, at the hour of 10 o'clock A.
M., at the judge's office, as the time and place for hearing
the petition, and directed that the order be published for
three successive weeks in the York County Republican, a
weekly newspaper published and of general circulation
in said county, "when all persons interested in said mat-
ter may appear and show cause why the prayer of peti-
tioner should not be granted." The notice was published
as ordered, and on the date named the will was admitted
to probate, and, the widow declining to act as executrix,
August Sieker was appointed administrator with the will
annexed. In October, 1908, plaintiff filed his petition in
the county court praying that the order probating the will
might be vacated and set aside, and the application for its
probate be opened in order that he might contest the same.
The reasons assigned by him for the opening of the case,
though deemed meritorious by him, need not be stated
here. His petition was denied by the county court, when
he appealed to the district court, where the order made
by the county court denying his petition was affirmed.
Plaintiff appeals to this court.

The only contention by plaintiff is that the publication
of the notice was not sufficient to give the county court
jurisdiction to hear the matter of the probating of the
will. The widow and heirs, of which plaintiff is one, all
resided in York county. No personal service was had
upon any of them, and plaintiff had no knowledge of the
proceeding until long after the entry of the decree. The
sole question therefore is: Was the publication of the
notice all that the law required?

The statute providing for notice of an application for the probate of a will is section 140, ch. 23, Comp. St. 1909 (Ann. St. 1909, sec. 5005), and is as follows: "When any will shall have been delivered into or deposited in any probate court having jurisdiction of the same, such court shall appoint a time and place for proving it, when all concerned may appear and contest the probate of the will, and shall cause public notice thereof to be given by personal service on all persons interested, or by publication under an order of such court, in such newspaper printed in this state as the judge shall direct, three weeks successively, previous to the time appointed, and no will shall be proved until notice shall be given as herein provided." By this section there appears to be a discretion lodged with the county judge to cause the notice to be served personally *or* by publication. It will be observed that the notice is not specifically required to be given to the heirs, but to "all persons interested." This is probably the reason why the practice has become almost universal to give the notice by publication, for no court can know in advance who may be interested in the matter of the probate of a will. The "interest" may be confined to heirs, devisees and legatees, or it may extend to others unknown to the county judge and to the petitioner. In case the order should be for personal service, it is quite possible that no jurisdiction would be had over "interested" parties not served, and, as to them, the proceeding be void. By giving the notice by publication this danger is avoided.

In Dame, Probate and Administration, sec. 82, in discussing the question of notice, it is said: "The method of service of the notice rests in the discretion of the court. It may be by personal service upon all parties interested, or by publication in such newspaper, printed in this state, as the court may direct, for three successive weeks previous to the time appointed. The notice must appear in three successive publications of the paper designated. It is not necessary that the last publication be 21 days from the first. The practice generally prevailing is to give

notice by publication, and thus avoid the necessity of the court passing upon the question, without having the evidence before it, of who are interested in the estate."

In 2 Black, Judgments (2d ed.) sec. 635, it is said: "The action of a probate court having jurisdiction, in admitting a will to probate or in rejecting it, is in the nature of a proceeding *in rem*, and, so long as it remains in force, it is conclusive as to the due execution and the validity of the will, both upon all the parties who may be before the court and upon all other persons whatever, in all proceedings arising out of the will or where the parties claim under or are connected with it—(citing a number of cases in the note). 'The proceeding,' says the supreme court of Vermont, 'is in form and substance upon the will itself. No process is issued against any one, but all persons interested in determining the state or condition of the instrument are constructively notified, by a newspaper publication, to appear and contest the probate; and the judgment is, not that this or that person shall pay a sum of money or do any particular act, but that the instrument is, or is not, the will of the testator. It determines the status of the subject matter of the proceeding. The judgment is upon the thing itself; and, when the proper steps required by law are taken, the judgment is conclusive, and makes the instrument, as to all the world (at least so far as the property of the testator within this state is concerned), just what the judgment declares it to be' "— citing *Woodruff v. Taylor*, 20 Vt. 65. We have examined this case, and, while not founded upon a cause similar to the one under consideration, it contains a clear exposition of the difference between cases *in rem* and *in personam*, and shows quite clearly that in the former class of cases, where notice is given by publication, the *status* of the *rem* (the thing) is conclusively established.

The case of *Miller v. Estate of Miller*, 69 Neb. 441, is cited with confidence by defendant. We are unable to ascertain from the opinion what notice of the hearing upon the petition to probate the will was given, but assume that it was by publication, since it was alleged by

the plaintiff that he had no actual notice or knowledge of the time set for hearing, nor for a long time after the rendition of the decree probating the will. The court, by Albert, C., held that the probating of a will was a proceeding *in rem*, and that actual notice was not essential to the validity of the decree.

In *In re Estate of Brusha*, 87 Neb. 254, the contention was that the order appointing an administrator was void for want of sufficient notice. The notice was given by publication. The language of the statute (Comp. St. 1909, ch. 23, sec. 195) upon the subject of notice is the same as in section 140, now under consideration, the notice to be given "by personal service on all persons interested, or by publication under an order of such court in such newspaper printed in this state as he (the judge) may direct." In that case we held that "this statute leaves the matter to the probate court to determine what publication shall be made in case personal service is not had upon the parties interested." The same rule should be applied to section 140.

We have given due consideration to the carefully prepared brief filed by appellant, but we are satisfied that the provisions of the civil code cited cannot be applied to this case. The publication of the notice was in compliance with the statute, and the order of the county court directing the publication was sufficient authority without the previous filing of an affidavit therefor. While we think the procedure was in strict conformity with the statute, yet, did we hesitate to so hold, we would not be inclined to adopt the view contended for by plaintiff, for to so decide would overturn a great majority of the orders admitting wills to probate, as the almost universal practice has been that followed by the county court in this case, and it has become a rule of property, and titles acquired thereunder should not be thus disturbed. See *White v. German Ins. Co.*, 15 Neb. 660.

The judgment of the district court holding the notice sufficient is

Affirmed.