FIRST NATIONAL BANK OF SUPERIOR, APPELLANT, V. J. F.
BRADSHAW ET AL., APPELLEES.

FILED JUNE 22, 1912.   No. 16,686.

Executors and Administrators: CLAIMS AGAINST ESTATE: LIMI-
TATIONS. Under section 226 of the decedent act (Comp. St. 1901,
ch. 23), as amended in chapter 28, laws 1901, creditors must take
out letters of administration within two years after the death of
the decedent, or "cause such letters to be taken out as provided
for" in the act. They cannot take out such letters after the time
limited; but, if letters are taken out by the widow or next of
kin, it will be presumed that it was done in behalf of all parties
interested in the estate, and creditors may present their claims
within the time limited, pursuant to section 214 of the act.

APPEAL from the district court for Nuckolls county:
LESLIE G. HURD, JUDGE.   Reversed.

Stubbs & Stubbs, for appellant.

J. H. Grosvenor, contra.

SEDGWICK, J.

H. N. Bradshaw died February 21, 1901. At the time
of his death he was indebted to this petitioner, the First
National Bank of Superior, upon three several promis-
sory notes in the sum of $3,592.24. He left a widow and
several children, most of whom were of age. There was
no administration of his estate until more than six years
after his death. Upon the application of his heirs letters
of administration were then issued to one of his sons.
Such proceedings were had thereon in the county court
of Nuckolls county that within a few months after the
letters of administration were issued an order was made
by that court completing the settlement of the estate and
barring all claims. Afterwards the bank made applica-
tion to that court to have the order set aside and to be
allowed to file their said claim. This application was

refused, and the bank appealed to the district court, where the order of the county court was affirmed, and an appeal was taken by the bank to this court.

It appears that the deceased was for many years a stockholder in the bank, and for some time prior to his death a director and its vice-president. This indebtedness had continued for some time, and had been renewed from time to time, and the stock which the deceased held in the bank, of greater par value than the amount of the notes, was by him deposited in the bank as collateral security. After Mr. Bradshaw's death, pursuant to an understanding between the bank and the heirs of the deceased, a part of the dividends upon this stock was applied in payment of the interest on the notes and the remainder of the dividends paid to the widow.

It appears also that the delay in applying for administration was caused by certain agreements between the bank and some of the heirs of the deceased relating to the payment of the notes and matters connected therewith, and it is contended by the bank that, on account of these agreements and various representations connected therewith and alleged fraudulent conduct on the part of the heirs, the county court should have set aside its order and allowed this claim to be filed. We do not find it necessary to discuss the mass of evidence relating to these conditions, since from our view of the law the judgment of the district court must be reversed without regard to the agreements between the bank and the heirs or the representations made by the heirs.

The district court made special findings of fact and found all the issues of fact in favor of the bank. From these findings, which are well supported by the record, it appears that the heirs waited about six and one-half years after the death of the deceased and then procured administration of the estate, and that no valid notice of the time limited for filing claims against the estate was given, and that this application of the bank to file this claim was made within a few months after the letters of

administration were issued. The court held, as a matter
of law, that under section 226 of the decedent act a cred-
itor of the estate must make application for administra-
tion of the estate within two years after the death of the
decedent or his claim would be forever barred. We do
not think that the section in question will admit of such
construction.

That section, as section 1, ch. 28, laws 1901, is as fol-
lows: "Every person having a claim or demand against
the estate of a deceased person whether due or to grow
due, whether absolute or contingent, who shall not after
the giving of notice as required in section 214 of this
chapter, exhibit his said claim or demand to the judge
or commissioners within the time limited by the court for
that purpose shall be forever barred from recovering on
such claim or demand or setting off the same in any ac-
tion whatever; provided, that if any person having such
claim or demand shall fail for two years from and after
the death of such decedent to apply for or take out letters
of administration on the estate of such deceased person
or cause such letters to be taken out as provided for in
this chapter, then such claim or demand shall likewise be
forever barred; this section shall not be construed to
limit or affect the time within which a person may en-
force any lien against property, real or personal, of such
deceased person, nor shall it be construed to affect actions
pending against the deceased at the time of his death."

The statute requires creditors to present their claims
within the time limited under the provisions of section
214 when administration proceedings are instituted by
the widow or next of kin. If the widow or next of kin
fail for 30 days to select an administrator, a creditor may
be appointed under section 178 of the act, and, of course,
may apply for administration for that purpose. The ap-
plication by creditors must be made within two years,
but they may make the application directly, or "cause
such letters to be taken out as provided for in this chap-
ter." If the creditors make no such application within

the two years allowed them for that purpose, they cannot afterwards institute such proceedings. If letters are taken out as provided for in the act, and the estate is administered upon accordingly, it is not necessary that there should be affirmative proof that the creditors caused it to be done; it will be presumed that it was in behalf of all persons interested in the estate. The technical construction contended for would bar claims of creditors when letters of administration were taken out by the widow or next of kin either before or after the expiration of the two years' limitation, and in all cases, unless such letters were taken out by the creditors in person or through their procurement; this could not be the intention of the legislature.

The judgment of the district court is reversed and the cause remanded for further proceedings, allowing further pleadings in that court if necessary.

REVERSED.

LETTON, J., not sitting.

HAMER, J., concurring.

This case is the consideration of an appeal from a judgment of the district court for Nuckolls county by the First National Bank of Superior in a proceeding commenced in the probate court of that county to open up the administration of the estate of H. N. Bradshaw, deceased, to allow a belated claim. An appeal was taken from the county court to the district court. H. N. Bradshaw died February 21, 1901, owing the petitioner $3,593.24 evidenced by three promissory notes. Administration was not commenced on the estate of the deceased until the expiration of more than six years after his death. For many years during his lifetime, and at the time of his death, the deceased was a stockholder and officer of the petitioner bank. He was a director of the bank and its vice-president. The indebtedness to the petitioner was contracted several years before Mr. Bradshaw died. He gave renewal notes from time to time, and the last

renewal notes given were not due at the time of his death. The widow of the deceased, Mrs. E. J. Bradshaw, was the sister of Mrs. C. E. Adams, and Mr. C. E. Adams was the cashier of the bank at the time of Mr. Bradshaw's death. The Bradshaw and Adams families lived at Superior, where the bank was located. H. N. Bradshaw left surviving him his widow, Mrs. E. J. Bradshaw, and the following children: J. F. Bradshaw, Lillian Kendall, Christie Sweet, H. N. Bradshaw, Jr., and Thomas L. Bradshaw. Payments were made on the notes to the bank out of dividends earned by the bank stock taken in the name of the deceased, and which had been pledged as security for the debt. These payments were in the form of indorsements of interest on the notes as the dividends were earned and distributed. The notes seem to have been, at the time of deceased's death, one note for $1,038, one for $1,709, and one for $157. At the time of the death of H. N. Bradshaw the children were of age, except H. N. Bradshaw, Jr., and Thomas L.

It appears by the amended petition to the probate court that the intestate H. N. Bradshaw died on the 21st of February, 1901; that letters of administration were issued to J. F. Bradshaw on the 29th of August, 1907; that the filing and allowance of the purported final accounting and discharge of the administrator was March 12, 1908; that the bank was a *bona fide* creditor of the estate to the amount of $3,788.65 on account of the promissory notes referred to in the petition; that neither the bank nor any of its officers had any actual notice of the pendency of the administration proceedings until after the estate had been closed; that the heirs had promised and agreed to notify C. E. Adams, the president of the bank, in person, and the bank when any administration proceedings were undertaken; that no final distribution of the assets of the estate had been in fact made and that they were all intact; that the bank had relied on the representations and assurances of the Bradshaw heirs to give it actual notice of administration proceedings and to take

care of the bank's claims, and that by reason of such representations the bank had been induced to postpone any proceedings on its part looking toward administration of the estate, or otherwise protecting their claim; that no good or sufficient or legal notice of the time limit for the filing of claims was ever given or published during the course of the administration, and that the order of the court limiting the time for the filing of claims was made one day before the issuance of letters of administration, and was for that reason void; that the order and notice to creditors was void for the further reason that no six months' notice or time limit for the filing of claims was given as required by law; that the estate, for the reasons given, was prematurely closed; it was also alleged that the bank stock of the deceased in the bank had been pledged as security for his debt to the bank.

There was an answer by the heirs, which is in effect a general denial. There was a trial to the probate court, which decided against the bank, and the bank appealed to the district court, where there was a trial, and the findings of fact seem to have been in favor of the bank, and the facts were found as alleged in the foregoing amended petition and in the decree of the district court. The letters of administration on the estate were issued out of the county court of Nuckolls county August 29, 1907, to J. F. Bradshaw as administrator, and on the 12th of March, 1908, the final accounting of said administrator was filed in the county court, and an order was made by said court discharging him; and, within six months of the time fixed for filing claims against the estate, the First National Bank of Superior filed its petition in the county court praying that said administration be opened up and that the claims of the bank be filed and allowed.

It was found, among other things, that after it had been agreed that the estate of H. N. Bradshaw was to be administered the said heirs had agreed among themselves that said J. F. Bradshaw was to accept the office of ad-

ministrator, and that a few days prior to the application for administration that said J. F. Bradshaw promised and agreed with C. E. Adams, the president of the petitioner, that he would keep him advised and let him know when any administration of said estate would be undertaken or commenced. The district court found: "That said administration of the estate of H. N. Bradshaw was prematurely closed, and that the order limiting the time for filing claims was void, for the reason it was issued one day before the issuance of the letters of administration, and that no six months' notice of said time limit was given or published as required by law." The district court also found that all of the equities were in favor of the petitioner, the First National Bank of Superior, and all the issues of fact were in favor of said bank, but found "as a matter of law that the petitioner is barred from any relief herein by virtue of section 226 of the decedent act, being section 5091 of chapter 13 of Cobbey's Annotated Statutes of Nebraska for 1907."

The section reads: "Every person having a claim or demand against the estate of a deceased person whether due or to grow due, whether absolute or contingent, who shall not after the giving of notice as required in section 214 of this chapter, exhibit his said claim or demand to the judge or commissioners within the time limited by the court for that purpose shall be forever barred from recovering on such claim or demand or setting off the same in any action whatever; provided, that if any person having such claim or demand 'shall fail for two years from and after the death of such decedent to apply for or take out letters of administration on the estate of such deceased person or cause such letters to be taken out as provided for in this chapter, then such claim or demand shall likewise be forever barred; this section shall not be construed to limit or affect the time within which a person may enforce any lien against property, real or personal, of such deceased person, nor shall it be construed to affect actions pending against the deceased at the time of his death."

The proviso contained in the section is important. All the legislature intended by this proviso was to limit the time within which creditors could apply for and take out letters of administration. This limitation was not intended as a bar preventing creditors from presenting their claims if administration should be taken out by the heirs or next of kin. If the heirs did take out letters of administration, the bar contained in the proviso of section 226 is not a bar which prevents the creditor from presenting his claim. It is not a bar which prevents the county judge from allowing it.

Section 214, ch. 23, Comp. St. 1901, reads: "When letters testamentary or of administration or of special administration shall be granted by any probate court, or during any appeal from said order, it shall be the duty of the probate judge to receive, examine, adjust and allow all claims and demands of all persons against the deceased, giving the same notice as is required to be given by commissioners in this subdivision; provided, that the parties interested, or either of them, shall have the right to demand that two or more suitable persons be appointed commissioners, in which case said commissioners shall receive, examine, and adjust all claims and demands against the estate, as provided for in this subdivision, except when the value of the whole estate, exclusive of the furniture, and other personal property allowed to the widow, shall not exceed one hundred and fifty dollars, and shall be assigned for the support of the widow and children, as provided by law, in which case such assignment shall be deemed a full and final administration and bar to all claims against the estate. When such commisioners shall be appointed, it shall be their duty to appoint convenient times and places when and where they will meet for the purpose of examining and allowing claims'; and within sixty days after their appointment they shall give notice of the times and places of their meeting, and of the time limited for creditors to present their claims, by posting a notice thereof in four public places in the said

49

county, and by publishing the same at least four weeks successively in some legal newspaper printed in this state, or in any other manner which the court may direct."

Section 217 provides: "The probate court shall allow such time as the circumstances of the case shall require for the creditors to present their claims to the commissioners for examination and allowance, which time shall not, in the first instance, exceed eighteen months, nor be less than six months, and the time allowed shall be stated in the commission."

The district court finds: "That said administration of the estate of H. N. Bradshaw was prematurely closed, and that the order limiting the time for filing claims was void, for the reason that it was issued one day before the issuance of the letters of administration." The district court also finds: "That no six months' notice of said time limit was given or published as required by law." The court also finds "all of the equities are in favor of the petitioner." It also finds "all the issues of fact in favor of said petitioner." The bar which it finds in section 226 should not be applied to this case. The section contains no bar against the consideration of the bank's claim if administration is taken out by the heirs. The bank was only barred by the section in question from making application and obtaining letters of administration. When the heirs have made application for letters of administration and they have been granted, there is no reason why the bank's claim should not be presented and allowed as are the claims of other creditors. The finding of the district court touching the equities of the case and the merit of the bank's claim is fully sustained by the record, and this finding would seem to be enough to justify the reversal of the case.

It should be remembered that the delay in administration of this case was for the benefit of the heirs of the estate. It seems to have been carried out in the utmost good faith for six and one-half years. There was a part performance of the agreement, because dividends on the

bank stock were applied on the indebtdness and were also divided with the heirs.

Section 178, ch. 23, Comp. St. 1909, provides that the administration of the estate of a person dying intestate shall be granted to some one or more of the persons therein mentioned, the widow or next of kin, or both, as the judge of probate may think proper, or such person as the widow or next of kin may request to have appointed, if suitable and competent; or if the widow or next of kin or the persons selected by them shall be unsuitable or incompetent, or if the widow or next of kin shall neglect for 30 days after the death of the intestate to apply for administration or to request that the same be granted to some other person, then the same may be granted to one or more of the principal creditors, and, if there be no such creditor competent and willing to take the administration, then that the same may be committed to such other person or persons as the judge of probate may think proper. Creditors are to present their claims within the time limited under the provisions of section 214 when administration is instituted by the widow or next of kin. If the estate is administered upon as provided by the act, it is unnecessary that there should be proof that the creditor has caused it to be done. It will be presumed that administration is granted in behalf of all persons who are interested in the estate.

Under the finding of the district court, the claim of the bank is meritorious, and the administration of the estate should be opened up. The judgment of the district court for Nuckolls county should be reversed, with directions to make an order opening up the administration of the estate and to proceed in that court to a final hearing and judgment according to law.