IN RE ESTATE OF WILLIAM GLOVER.

CHARLES R. GLOVER, APPELLEE, v. ELIZABETH A. GLOVER, APPELLANT.

FILED JANUARY 17, 1920. No. 20787.

1. **Administrators: APPOINTMENT.** A petition stating the jurisdictional requirements, filed by a qualified person in the county court for the appointment of an administrator of the estate of a deceased person, confers upon the county court jurisdiction to make such an appointment, notwithstanding the petitioner may file a dismissal of his petition before any action is taken thereon.

2. ———: **PETITION: ACTION.** The filing of a petition in the county court for the appointment of an administrator of the estate of a deceased person is not an "action" as contemplated in section 7654, Rev. St. 1913.

APPEAL from the district court for Hamilton county: GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*Hainer, Craft & Edgerton,* for appellant.

*Smith & Hare* and *Charles L. Whitney, contra.*

TIBBETS, C.

An appeal from an order of the district court for Hamilton county, Nebraska, confirming the order of the county court of said county, appointing an administrator of the estate of William Glover, deceased.

The facts in this case are deducible entirely from the transcript from the county court of Hamilton county.

William Glover died intestate on May 23, 1913, leaving surviving him, his widow, Elizabeth A. Glover, and several children.

On the 21st day of June, 1913, Elizabeth A. Glover, the. appellant and widow, caused to be filed a petition in the county court of Hamilton county, asking for her appointment as administratrix ·of the estate of the, deceased. After the filing of the petition, the record discloses that the preliminary steps for her appointment were taken by the county judge, and an order for publication to show cause was made. All papers were taken by the attorney for Mrs. Glover from the office of the county court, since which time nothing has been seen or heard of them, and she made no further effort toward perfecting her appointment.

On the 21st day of May, 1915, Bartley & Sons, creditors, filed their petition in the county court, asking for the appointment of an administrator of the estate of the deceased.

It is further shown by the record that on the 8th day of June, 1915, there was filed in the county court a request by Bartley & Sons to dismiss their petition, for the reason that the claim and account of Bartley & Sons had been settled, paid and discharged.

On the 9th day of June, 1915, there was filed in the office of the county judge an affidavit signed by Charles R. Glover, who stated he was a brother of William Glover, deceased; that he had an unpaid claim against the estate of William Glover; and that, when the administratrix then petitioned for was duly appointed and qualified, he would file his claim, and, if for any cause the administra-

trix now petitioned for did not qualify or refused to serve in such capacity, then he asked that he be permitted to name one who would qualify.

On the 10th day of June, 1915, an order was issued by the judge upon the said application of Bartley & Sons and Charles R. Glover. Mrs. Elizabeth A. Glover, by her attorneys, appeared specially in the county court for the purpose of challenging the jurisdiction of the same, and moved to quash the service of the alleged application for appointment of administrator, for the reason that the service by publication showed on its face that it was insufficient to give the court jurisdiction.

On the 29th day of March, 1916, the court, upon the application of Charles R. Glover, appointed Frank E. Quinn administrator of the estate.

There is no question of fact involved in this case. It is a pure question of law. The statute governing is contained in section 1390, Rev. St. 1913, which reads as follows:

"Every person having a claim or demand against the estate of a deceased person whether due or to become due, whether absolute or contingent, who shall not after the giving notice as required in this chapter exhibit his claim or demand to the judge within the time limited by the court for that purpose, shall be forever barred from recovering on such claim or demand, or setting off the same in any action whatever: Provided, if any person having such claim or demand shall fail for two years from and after the death of such decedent to apply for or take out letters of administration on the estate of such deceased person, or cause such letters to be taken out as provided for in this chapter, then such claim or demand shall likewise be forever barred; this section shall not be construed to limit or affect the time within which a person may enforce any lien against property, real or personal, of such deceased person, nor shall it be construed to affect actions pending against the deceased at the time of his death."

If Bartley & Sons had not dismissed their petition, but instead had proceeded in the regular and statutory manner, there could have been no question but that the duty of the county court would have been to appoint an administrator; but appellant is relying upon the fact that Bartley & Sons had filed a dismissal of their petition before any action had been taken thereon. This is true, but had it been dismissed? No action, as shown by the record, was taken by the county court. He made no order of dismissal, but, on the contrary, treated the petition as an active and operating agent toward the accomplishment of the appointment. An order was issued and citation had on this instrument. Afterwards another notice was published in which Charles R. Glover was designated as the petitioner, and on which the administrator was finally appointed. Counsel for appellant now claim that the affidavit and request of Charles R. Glover constituted the petition on which the administrator was appointed. If this were true, counsel's contention should be sustained, as the affidavit and request did not in any way comply with the statutes, and, furthermore, were filed too late to be available. This we do not understand to be the case, however, as reference to the record will show that in the notice first published both Bartley & Sons and Charles R. Glover were mentioned as petitioners; the obvious intent being that all proceedings were conducted with direct reference to the petition filed by Bartley & Sons.

If we are correct in our conclusions, then the only question to be determined is: Was the petition of Bartley & Sons automatically dismissed by their filing a request for dismissal? We have found no case decided in this state, or elsewhere, that bears directly upon this point under a statute similar to ours. In the case of *First Nat. Bank v. Bradshaw*, 91 Neb. 714, Judge Sedgwick, in construing section 1390, Rev. St. 1913, at p. 716, says: "The application by creditors must be made within two years, but they may make the application directly, or 'cause such

In re Estate of Glover.

letters to be taken out as provided for in this chapter.' If the creditors make no such application within the two years allowed them for that purpose, they cannot afterwards institute such proceedings. If letters are taken out as provided for in the act, and the estate is administered upon accordingly, it is not necessary that there should be affirmative proof that the creditors caused it to be done; it will be presumed that it was in behalf of all persons interested in the estate. The technical construction contended for would bar claims of creditors when letters of administration were taken out by the widow or next of kin either before or after the expiration of the two-year limitation, and in all cases, unless such letters were taken out by the creditors in person or through their procurement; this could not be the intention of the legislature.''

If the appellant's construction of the statute be correct, it opens up a fruitful field for fraud. An interested party could make an application for letters, delay it as long as possible, and, when the patience and trust of the creditors were exhausted, induce a creditor to file an application or petition, and, after another delay and after the two-year period had expired, dismiss his petition, and by reason thereof the other creditors are forever barred, and the estate profits thereby to the extent of the unpaid claims. When a creditor files his petition under said section, he not only files it for himself, but for all the other creditors, as decided in the case of *First Nat. Bank v. Bradshaw, supra*. The law does not contemplate that a person, to preserve his rights, should do a useless thing. The filing, within the required time, by one creditor is a protection to the others. If appellant's contention be correct, then, if there were a hundred creditors, it would be necessary for each to file a petition, and, if so, separate notices, orders, publications, etc., would be necessary. It would be equally unreasonable to suppose that, after a creditor had filed his petition and caused other creditors to rely on the extension of time created by

reason thereof for the filing of claims, he could, without their knowledge or consent, deprive them of such rights as they might be entitled to under the petition to the same extent as though there had been no dismissal. The filing of the petition by Bartley & Sons created a right in the creditors which, by withdrawal, they were unable to deprive them of. The act under consideration is one of limitation. It curtails and limits the general statutes on that subject. A person may have a claim against a party in which the limitation for its collection under the general statutes is five years, yet, if the party dies, he must proceed to its collection in the manner and time provided in this act. It is a special limitation, and in contravention of the general act, and should therefore have put on its construction no strained and unusual meaning. For its construction resort may be had to the intention of the legislature and the object to be secured. From a careful analysis of the act there can be no question but that the evident intention of the legislature was to give claimants ample opportunity to collect their debts against estates of persons deceased, the same to be done, however, in as speedy and effective a manner as possible, in order that the estate might be settled and the assets distributed to those entitled to the same in the shortest possible time. But there was no intention that *bona fide* creditors should be prevented in presenting their claims and having them passed upon by the proper parties by the interposition of technical and strained constructions, and especially by those whose duty it was to see that an administration of the estate should be had. Appellant's duty, as we understand it, was to administer the estate as speedily as possible. She had a priority to the appointment as administratrix. A petition was filed in her behalf asking for her appointment. From there her activities, as far as the procurement of an administrator was concerned, ceased. She never fulfilled the statutory requirements for her appointment, and threw every obstruction possible in the way of any one else being appointed, and she is now in this court still objecting to the appointment of

an administrator. She makes no complaint against the one selected by the court; she refused it herself; and she makes no suggestion as to the proper person for the position. Her position is not based upon any equitable grounds, and her rights, if she has any, must be based on a literal construction of this act. The act not only does not afford her any relief, but a construction thereof, based upon the evident intent of the legislature, is against her contention. "In construing a statute, the strict letter of the law ought not to be followed when such an interpretation would lead to an unreasonable or absurd conclusion." *Parket v. Nothomb,* 65 Neb. 315.

Counsel for appellant treat the petition on which the administrator was appointed as that of Charles R. Glover, and base their argument and citations of authorities on that supposition, but the record does not sustain their position. The administrator was appointed on the application of Bartley & Sons. They, by attempting to dismiss their petition, cease to become active participants, but the petition "would be presumed filed for the benefit of all persons interested."

We are aware that sections 7654, 7655, Rev. St. 1913, make provisions in which a plaintiff may dismiss an action. This is in no sense an action. It is a petition or application directed to the court to put in operation the functions of that office, which it is his duty to do, if the petition states the jurisdictional requirements.

Section 1303, Rev. St. 1913, provides: "When any will shall have been delivered into or deposited in any probate court having jurisdiction of the same, such court shall appoint a time and place for proving it." There are certain duties which the statutes make incumbent on the county court, and among those are that, when his attention is directed to it and he has jurisdiction over the subject-matter, he should see that a will is proved or an estate administered. In order for him to ascertain if he has jurisdiction to appoint the administrator, reference must be had to the petition filed, and there is no way proceedings can be stayed except for want of juris-

diction. Again, administration is necessary to ascertain if the estate is subject to an inheritance tax. To determine the tax to be assessed, it is necessary to probate the estate of a deceased person, in order to ascertain what proportion is subject to such tax. The petition of Bartley & Sons contained all the jurisdictional grounds. The court obtained jurisdiction over the subject-matter. The dismissal of Bartley & Sons could not oust the county court of such jurisdiction.

Section 7654, Rev. St. 1913, contemplates an action. The filing of a petition or application for administration is not an action as contemplated in said section. No complaint is made; no relief is asked. It shows to the court that it has jurisdiction, and requests it to put in operation the powers and duties required of it by the statutes. The instant the petition is filed the further operation or control of the matter passes out of the hands of the petitioner and into the hands of the court.

Our conclusion is that the real intent of the statutes is that any creditor or person interested therein could proceed with the petition filed by Bartley & Sons. This was done by Charles R. Glover, who sets out that he is a creditor, and proceeds to have the petition acted upon and an administrator appointed. Furthermore, as already stated, this petition never was dismissed, as appears by the records of the county court.

Considering the view of this case which we have taken, and differing with counsel for appellant as we do on the basic principle underlying this cause, their citations of authorities and argument, as contained in their brief, are not applicable.

For the reasons heretofore set forth, we recommend that the finding and judgment of the district court be affirmed.

PER CURIAM. For the reasons stated in the foregoing opinion, the judgment of the district court is affirmed, and this opinion is adopted by and made the opinion of the court.

AFFIRMED.