IN RE ESTATE OF HAROLD G. LINGLE, DECEASED. ERNEST R. FISCHER, APPELLEE, v. JO ANN LINGLE, APPELLANT.

237 N. W. 2d 110

Filed December 31, 1975. No. 39979.

Alan L. Plessman of Nelson, Harding, Marchetti, Leonard & Tate, for appellant.

Keith Sinor, for appellee.

Heard before WHITE, C. J., McCOWN, NEWTON, and CLINTON, JJ., and WINDRUM, District Judge.

WINDRUM, District Judge.

Ernest R. Fischer, as petitioner, filed a petition in the county court of Red Willow County, Nebraska, on October 1, 1971, alleging that one Harold G. Lingle, died intestate on October 5, 1969, a resident and inhabitant of the County of Red Willow, State of Nebraska, possessed of real estate and personal property in the State of Nebraska to be administered; he left surviving him Jo Ann Lingle, a wife, residing at McCook, Nebraska, and ———— Lingle, first name unknown, residence unknown, a daughter; and petitioner was a creditor of said deceased. The petition prayed for the appointment of an administrator of the estate of Harold G. Lingle, deceased.

Thereafter, on the same day, the petitioner and an-

other alleged creditor filed claims against said estate. On the same day the acting county judge of the county court of Red Willow County, Nebraska, entered an order for hearing and for publication. In compliance with said order, notice of administration in due form was duly published on October 4, 11, and 18, 1971, declaring that the petition for the appointment of administrator would be set for hearing in said court on October 20, 1971, at 10 o'clock a.m. The appropriate proof of publication was duly filed. On October 15, 1971, Jo Ann Lingle, appellant herein, filed in said cause objections to the appointment of an administrator. On the date set for hearing, the county court sustained the objections and dismissed the petition of Ernest R. Fischer. Appeal was duly taken to the District Court for Red Willow County resulting in an order of that court remanding the cause to the county court to hear the petition for the appointment of an administrator upon proper notice being given. Whereupon appellant filed a motion for a new trial or in the alternative to reverse and dismiss. Said motion was overruled and appellant appealed.

Appellant contends that the order of the District Court should be reversed because of two contentions. The first contention is that neither petitioner for the appointment of the administrator nor his attorney caused to be mailed to the heirs-at-law of said decedent a copy of the notice first published in the McCook Daily Gazette, within 5 days as provided by law, nor did either make an effort to determine who said heirs were and their post office addresses, nor did either file an affidavit indicating that he made diligent investigation to ascertain the names of the heirs-at-law and their post office addresses, all as provided by section 25-520.01, R. R. S. 1943. The second contention is that on the 4th day of May 1970, the county court of Red Willow County entered an order In the Matter of the Estate of Harold G. Lingle, deceased, on an application for an order determining inheritance tax. The order contained a find-

ing that the said decedent did not have any assets subject to administration; and appellant argues that the doctrine of res judicata therefore precludes the petitioner in the instant case from filing a petition for the appointment of administrator.

It is conceded that neither petitioner, nor his attorney, mailed notices to any heirs-at-law of said decedent and they did not file the affidavit as required by section 25-520.01, R. R. S. 1943. From the evidence adduced, it is readily apparent neither made any effort whatsoever to determine the names and relationship of the heirs-at-law of said decedent, and their then present post office addresses.

Appellant contends that where a notice of an action is given by publication as authorized by law, and the party instituting the action fails to comply with any of the requirements of section 25-520.01, R. R. S. 1943, the court in which the action is instituted has no jurisdiction over the matter upon objections by parties who appear to have a direct legal interest in it and whose names and post office addresses could have been ascertained through diligent investigation and inquiry. By filing objections, the appellant submitted herself to the jurisdiction of the court. Obviously the petitioner submitted himself to the jurisdiction of the court when he filed his petition. From the record, it appears that only one other party could be an heir-at-law of said decedent, and that was his daughter. She was not sent a notice. Her name and post office address were readily available by diligent investigation and inquiry.

Appellant cites two cases for her contention, Estate of Coleman v. Redford, 179 Neb. 270, 137 N. W. 2d 822, and Neumeyer v. Omaha Public Power Dist., 188 Neb. 516, 198 N. W. 2d 80. Estate of Coleman v. Redford, *supra*, stands for the proposition that first cousins of a testator are not prima facie heirs-at-law and without more appearing would have no standing to question probate proceedings. It was true in that case, notices

of hearing for the probate of the will were duly published and an affidavit was duly filed indicating that the petitioner had, within 5 days after the first publication thereof, made diligent inquiry as to the names and relationship of all the heirs-at-law of said decedent and their post office addresses. This court held that: "This was a sufficient compliance with the statute to give the court jurisdiction." This court did not differentiate as to whether the county court had jurisdiction over the estate or over the first cousin of the decedent who was alleging on appeal that she had not received copies of the first published notice of the hearing for the probate of the will.

Neumeyer v. Omaha Public Power Dist., *supra*, involved an appeal from the report of appraisers in an eminent domain action. The question therein resolved was whether or not the District Court obtained jurisdiction on the appeal because the execution and approval of the undertaking required by section 76-716, R. R. S. 1943, was not filed within the time therein provided. That case dealt with the construction of statutes applicable to appeals from appraisers' reports in eminent domain proceedings and is not applicable to the issue here to be resolved.

The question then to be determined is whether or not the county court obtains jurisdiction of an estate of a deceased person upon the filing of a petition containing the necessary averments, or whether it acquires jurisdiction on completion of service by notice of publication, or whether it acquires jurisdiction upon compliance with the provisions of section 25-520.01, R. R. S. 1943.

In speaking on this subject, 31 Am. Jur. 2d, Executors and Administrators, § 84, p. 63, states as follows: "It had been held that the estate of a decedent is a res, that administration proceedings are at least quasi in rem, that the court acquires jurisdiction on the filing of a petition for letters for administration, and that notice of the application for letters is not necessary in order to

confer jurisdiction over the estate. Even though a statute requires that notice be given, notice has been deemed to be not essential to the jurisdiction and power of the court to grant letters of administration. In some jurisdictions, however, notice of an application for letters is a jurisdictional requirement." It must therefore be determined whether or not the provisions of section 25-520.01, R. R. S. 1943, are jurisdictional insofar as the res is concerned.

Petitioner maintains an estate proceeding is an action in rem wherein the court acquires jurisdiction upon filing of the petition and cites therefor section 30-317, R. R. S. 1943, and State ex rel. Coulter v. McFarland, 166 Neb. 242, 88 N. W. 2d 892. The section of the statute above referred to provides that when there shall be delay in granting letters testamentary, or of administration, the judge of probate may appoint a special administrator to act in collecting and taking charge of the estate of the deceased until the question of the allowance of the will, or such other question as shall occasion the delay, shall be determined and no appeal shall be allowed from the appointment of such special administrator. State ex rel. Coulter v. McFarland, *supra*, involved a situation in which a petition had been filed for the probate of a will. The necessary order was made directing service by publication. Thereafter a second petition was filed for the probate of the same will. The county judge refused to sign an order for a notice of hearing by publication on the second petition. This court stated as follows: "An estate proceeding is in the nature of a proceeding in rem. See, In re Estate of Sieker, 89 Neb. 216, 131 N. W. 204, 35 L.R.A.N.S. 1058; In re Estate of Sweeney, 94 Neb. 834, 144 N. W. 902; In re Estate of Marsh, 145 Neb. 559, 17 N. W. 2d 471; Rohn v. Kelley, 156 Neb. 463, 56 N. W. 2d 711. When a petition is filed in the county court for the purpose of administering or probating an estate therein the proceedings become one in rem to which everyone interested therein is a party,

whether he is named or not. In re Estate of Sweeney, supra; In re Estate of Marsh, supra; Rohn v. Kelley, supra. The filing of such a petition in the county court is in no sense an action within the ordinary meaning of that word. The petition filed is for the benefit of all persons interested therein. It is, in effect, a petition or application directed to the court to put in operation the functions of that office if the petition states the necessary jurisdictional requirements. It is the duty of the court to protect the interests of all parties thereto whether actually before the court or not. See, In re Estate of Marsh, supra; In re Estate of Glover, 104 Neb. 151, 175 N. W. 1017. As stated in In re Estate of Glover, supra: 'The instant the petition is filed the further operation or control of the matter passes out of the hands of the petitioner and into the hands of the court.' "

In re Estate of Glover, 104 Neb. 151, 175 N. W. 1017, involved the estate of a decedent who died intestate on May 23, 1913. On May 21, 1915, a creditor filed a petition asking for the appointment of an administrator of the estate. On June 8, 1915, the creditor filed a request to dismiss its petition for the reason that the claim had been settled, paid, and discharged. On June 9, 1915, another creditor filed an affidavit stating that he had a claim, and upon the appointment of an administrator, he would file the claim. Affiant further requested permission to name an administrator in the event the person previously so named did not qualify or refused to serve in such capacity. It was held that upon the filing of the first petition by the creditor the court acquired jurisdiction and the instant the petition was filed, further operation or control of the matter passed out of the hands of the petitioner and into the hands of the court. As a part of the rationale for such holding, this court pointed out to hold otherwise would provide a fruitful field for fraud. An interested party could make application for letters, delay it as long as possible, and thereafter dismiss the same when it would be too late

for a creditor to file a petition for such an appointment.

The same reasoning is applicable in this case. If appellant's contention were to prevail, other creditors who have filed claims would be deprived of the right to be heard upon the same, even though section 25-520.01, R. R. S. 1943, devolves upon them no duty whatsoever.

Petitioner argues that by virtue of granting power to the county court to appoint a special administrator as provided by section 30-317, R. R. S. 1943, the Legislature intended that the county court have jurisdiction of the res of an estate upon the filing of a petition containing the necessary averments. Such an argument was successfully advanced in In re Hanson, 105 Minn. 30, 117 N. W. 235, which has never been overruled and has been cited numerous times.

Appellant's contention that determination by the county court that the decedent owned neither real or personal property subject to administration in Nebraska is binding upon all persons and is not subject to collateral attack, when such finding or determination was made by said court in proceedings to determine inheritance tax, is without merit insofar as petitioner is concerned as he was neither a party to the former proceedings, nor in privity with a party therein, and needs no further comment.

AFFIRMED.