JOHN J. WILLIAMS, APPELLANT, V. VERNON HJORTH, SHERIFF OF MADISON COUNTY, NEBRASKA, ET AL., APPELLEES.

430 N.W.2d 52

Filed October 7, 1988.    No. 87-651.

Steven M. Lathrop, of Lathrop & Lathrop, for appellant.

Robert M. Spire, Attorney General, Lynne R. Fritz, and Lisa D. Martin-Price for appellees.

BOSLAUGH, WHITE, and SHANAHAN, JJ., and HOWARD, D.J., and COLWELL, D.J., Retired.

WHITE, J.

This is an appeal from a decision by the district court for

Madison County denying the appellant "good time" credit for time served in the county jail before sentencing and time served as a mentally disordered sex offender (MDSO) at the Lincoln Regional Center. Because Neb. Rev. Stat. § 29-2915 (Reissue 1985) regarding incarceration as an MDSO was amended to mandate good time credit for time spent in the regional center, only the issue of good time credit for presentence confinement, pursuant to Neb. Rev. Stat. § 47-502 (Reissue 1984), remains.

The facts in this case are not contested. John J. Williams was arrested and confined in the Madison County jail on September 4, 1986. On January 9, 1987, the appellant was sentenced to the 1-year maximum for third degree sexual assault and was transferred to the Lincoln Regional Center on February 5. Credit was granted for 128 days of presentence confinement. Appellant violated no rules of discipline while incarcerated. No good time credit was given to the appellant for the time spent in county jail prior to sentencing.

Because the appellant was released from the regional center on August 26, the issue of mootness arises in this appeal. Counsel for both appellant and appellee request that this court reach the merits of this appeal by finding that the issues involved are within an exception to the mootness doctrine, either as a wrong "capable of repetition yet evading review" or as a matter affecting the public interest.

As a general rule, appellate courts do not sit to give opinions on moot questions on abstract propositions, and an appeal will ordinarily be dismissed where no actual controversy exists between the parties at the time of the hearing. *Braesch v. DePasquale*, 200 Neb. 726, 265 N.W.2d 842 (1978). However, this general rule is subject to some exceptions. One notable exception recognized by this court concerns cases involving matters of public interest. *State ex rel. Coulter v. McFarland*, 166 Neb. 242, 88 N.W.2d 892 (1958). In *McFarland*, this court held that the issues involved matters of public interest because they affected all county courts of the state. Similar questions of public interest are presented in this case. In the context of good time credit for presentence confinement when sentenced to a county jail term, because confinement is necessarily 1 year or less, no case could reach this court for review before it became

moot. Additionally, the issues involved in this action are similar to those presented in *McFarland*, as they affect all county jails in the state. Therefore, this appeal must be decided on the merits under the public interest exception to the mootness doctrine.

This court has never decided whether good time credit is available for time served in jail awaiting sentencing, pursuant to § 47-502. To determine whether good time credit is authorized for presentence confinement, the plain language of the statute must first be examined. This court will not resort to interpretation to ascertain the meaning of statutory words which are plain and unambiguous. *Lawson v. Ford Motor Co.*, 225 Neb. 725, 408 N.W.2d 256 (1987). In the absence of anything indicating the contrary, statutory language is to be given its plain and ordinary meaning. *Lawson v. Ford Motor Co., supra; Midwest Messenger Assn. v. Spire*, 223 Neb. 748, 393 N.W.2d 438 (1986). Section 47-502 provides:

> Any person sentenced to a city or county jail shall have his or her term reduced seven days for each twenty-one consecutive days during which he or she has not committed any breach of discipline or other violation of jail regulations. The reductions authorized by this section shall be granted at the end of each period of twenty-one days, with such periods to run consecutively from the date of confinement following sentencing.

The language "with such periods to run consecutively from the date of confinement following sentencing" is ambiguous. As stated in appellant's brief, it is difficult to determine whether this portion of § 47-502 limits good time to postsentence confinement or whether it grants an inmate good time credit for every 21 consecutive days, including presentence confinement, with credit for confinement given only after sentencing. Because of the inherent ambiguity in the statutory language, recourse must be had to the legislative history surrounding the enactment of § 47-502 to determine the intent of the Legislature. *County of Lancaster v. Maser*, 224 Neb. 566, 400 N.W.2d 238 (1987). Legislative history includes the record of a floor explanation or debate, which is an extrinsic, secondary source in statutory interpretation. *Spence v. Terry*, 215 Neb.

810, 340 N.W.2d 884 (1983).

The history of the enactment of § 47-502 is fairly simple. Section 47-502 was the result of 1983 Neb. Laws, L.B. 180, and 1982 Neb. Laws, L.B. 231. These bills were presented to provide a county jail counterpart to the state penitentiary good time statutes, Neb. Rev. Stat. §§ 83-1,106 and 83-1,107 (Reissue 1987). The committee statement on L.B. 231 states that the purpose of the bill is to provide for good time in county jails "similar" to that applicable to confinement in state institutions. One distinction between the state and county good time statutes, however, is that § 83-1,107 specifically provides for good time credit to be given for presentence confinement: "The total of all such reductions shall be credited from the date of sentence, which shall include any term of confinement prior to sentence and commitment . . . ." § 83-1,107. Section 47-502 contains no such language.

The omission of this language in § 47-502 is not conclusive. The legislative history surrounding the enactment of § 47-502 evinces a strong legislative intent on behalf of the Legislature to provide a county good time statute closely synonymous to the state good time statute. Much of this intent is evidenced in Senator Fowler's statement in support of L.B. 231. Senator Fowler emphasizes an "equity argument" in support of adopting a county jail counterpart to the state good time statute. He compares Class II felonies with Class I misdemeanors and notes that convictions under either class may result in a 1-year sentence—the felony sentence to be served in the state penitentiary where good time credit is allowed, the misdemeanor sentence to be served in county jail where, before the passage of § 47-502, no good time credit was available. The crimes classified as felonies are, presumably, more serious than the crimes classed as misdemeanors. Yet, as stated by Senator Fowler, "in our effort to try and establish a certain hierarchy of penalties, we may have built in an inequity because people who go to state institutions could serve less time for a higher crime than the people that went to the county institutions." Judiciary Committee Hearing, L.B. 231, 87th Leg., 1st Sess. 43 (Feb. 25, 1981).

Evidently, the Legislature was concerned about those in

county institutions serving longer sentences for lesser offenses than those in state prison serving time for more serious offenses. Because good time credit for presentence confinement is available in the state system and is utilized in those institutions to reduce the sentence actually served, presumably the Legislature intended credit to be given for presentence confinement in the county jail system to eliminate the "inequities" between the two jail systems.

Finally, by interpreting § 47-502 as authorizing good time credit for presentence confinement, good time provisions for both state and county jails will be harmonized. Additional support for inferring that the Legislature intended consistent treatment for all prisoners in regard to good time credits can be found in the recent amendment to § 29-2915 regarding MDSOs. This amendment provides, "If the defendant is sentenced to a county jail as a misdemeanant, he or she shall be entitled to have his or her jail sentence reduced while in the county jail or regional center pursuant to § 47-502." § 29-2915 (Cum. Supp. 1988). This extension of good time credit to incarceration in the regional center evinces an intent to provide a cohesive, consistent sentencing system throughout the state's detention facilities.

Accordingly, we hold that § 47-502, establishing good time credit in the county jail system, is applicable to time spent in the county jail awaiting sentencing.

The judgment of the district court is therefore reversed.

REVERSED.