STATE OF NEBRASKA, APPELLEE, V. KAREN ARVIZO, APPELLANT.
444 N.W.2d 921

Filed September 1, 1989. No. 89-318.

Barry Waid, Hall County Public Defender, for appellant.

Robert M. Spire, Attorney General, and Marie C. Pawol for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

In an amended information, defendant was charged, in one count, with a violation of Neb. Rev. Stat. § 28-611(1)(b) (Reissue 1985), in that defendant had obtained value from Management Investment Industries, Inc., and issued that corporation a check for $324 on Home Federal Savings and Loan of Grand Island, Nebraska, when defendant had no funds in that institution.

On January 12, 1989, defendant pled guilty to that charge. On March 3, 1989, defendant was sentenced to 6 months in the Hall County jail, "said sentence to run consecutively with sentences from Adams and Buffalo Counties," and to pay the costs of prosecution, and the court ordered that "restitution in the sum of $3278.17 be made to the Clerk of the District Court within one (1) year . . . ."

Defendant timely appealed to this court and assigns only one error: "The sentence imposed on March 3, 1989, is excessive and an abuse of discretion." For the reasons hereafter stated, we affirm, but modify, the sentence.

The jail time set out in the sentence cannot be considered excessive. A sentence imposed within the limits prescribed by statute will not be disturbed on appeal in the absence of an abuse of discretion. *State v. Moreno*, 228 Neb. 210, 422 N.W.2d 56 (1988). In the case before us, defendant was charged with violating § 28-611(1)(b), a Class IV felony. The possible punishment for such a violation is up to a maximum of 5 years' imprisonment, plus a possible fine. Defendant admitted her actions and stated her only excuse was that she was a compulsive gambler.

At the time of defendant's plea to this charge, there were in the hand of the Hall County attorney at least 20 other no-funds checks written by defendant. As shown by the consecutive nature of her sentence, defendant had been convicted of similar acts in Adams and Buffalo Counties. Defendant's sentence was

not excessive insofar as her imprisonment is concerned.

Defendant also contends, however, that the court erred in requiring her to make restitution of $3,278.17 when she had been convicted of writing a no-fund check of $324. With that contention we agree.

Neb. Rev. Stat. § 29-2280 (Cum. Supp. 1988) provides:

> A sentencing court may order the defendant to make restitution for the actual physical injury or property damage or loss sustained by the victim as a direct result of the offense for which the defendant has been convicted. Whenever the court believes that restitution may be a proper sentence or the victim of any offense or the prosecuting attorney requests, the court shall order that the presentence investigation report include documentation regarding the nature and amount of the actual damages sustained by the victim.

The "victims" of defendant's actions may have lost an additional $2,954.17 beyond the loss sustained by the victim "of the offense for which the defendant has been convicted," but such losses may not be the subject of a restitution order in connection with a different offense.

The judgment and sentence of the Hall County District Court are affirmed in all respects, except the restitution required to be paid is reduced to $324, to be repaid within 1 year to the victim, Management Investment Industries, Inc.

AFFIRMED AS MODIFIED.