STATE OF NEBRASKA, APPELLEE, V. VICKI L. KELLY, APPELLANT.
458 N.W.2d 255

Filed July 27, 1990.   No. 90-039.

Avis R. Andrews for appellant.

No appearance for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

The defendant, Vicki L. Kelly, was originally charged with four counts of obtaining property by issuing account-closed checks. Pursuant to a plea agreement, the defendant pleaded guilty to two counts and agreed to pay restitution for all checks then in the office of the Dodge County Attorney. In return, two counts were dismissed, a pending misdemeanor charge was dismissed, and the county attorney agreed not to file additional charges on some 84 checks then in his office. A written stipulation signed by the defendant lists these checks, which with protest fees amounted to $8,829.24.

On December 11, 1989, the defendant was sentenced to concurrent terms of imprisonment for 1 to 2 years and ordered to pay restitution in the amount of $8,239.77 at the rate of $150 per month, commencing on the first day of the second month after her release from imprisonment.

The defendant has appealed and contends that the sentences imposed were excessive.

The offenses involved in this case are Class IV felonies, for which the penalty is imprisonment not to exceed 5 years, a fine of up to $10,000, or both. Neb. Rev. Stat. §§ 28-611(1)(b) and 28-105 (Reissue 1989).

Count I involved a check for $628.68 issued to J.C. Penney for the purchase of jewelry. Count II involved a check for

$802.88 issued to Great Plains Stereo for the purchase of stereo equipment. All of the checks involved in this case were written over a period of approximately 2 weeks.

The defendant is 32 years of age, is married, and has two children. She has a 10th grade education and was unemployed. In 1981, she was placed on probation in Texas for issuing insufficient-fund checks. In addition to writing the checks listed in the stipulation, the defendant admitted to the probation officer that she had written $2,000 in additional checks.

In view of the defendant's record and the circumstances in this case, the sentences imposed were not excessive. However, we note plain error in regard to the matter of restitution.

In *State v. Arvizo*, 233 Neb. 327, 329, 444 N.W.2d 921, 922 (1989), decided September 1, 1989, we held that Neb. Rev. Stat. § 29-2280 (Reissue 1989) restricts restitution to the loss sustained by the victims " 'of the offense for which the defendant has been convicted.' " Accordingly, the judgments are modified by reducing the amount of restitution to $1,431.56. In all other respects the judgments are affirmed.

AFFIRMED AS MODIFIED.