STATE OF NEBRASKA, APPELLEE, V. JULIAN RIOS, JR., APPELLANT.

465 N.W.2d 611

Filed February 15, 1991.   No. 90-244.

David R. Uher for appellant.

Robert M. Spire, Attorney General, and Donald E. Hyde for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

Defendant-appellant, Julian Rios, Jr., pled guilty to the delivery of a controlled substance, cocaine, in violation of Neb. Rev. Stat. § 28-416 (Cum. Supp. 1988). He was adjudged accordingly and sentenced to imprisonment for a period of not less than 5 nor more than 8 years and ordered to pay restitution to the Nebraska State Patrol in the sum of $725. Rios assigns as error the trial court's (1) restitution order, as requiring a greater payment than authorized by Neb. Rev. Stat. § 28-427 (Reissue 1989), and (2) imposition of an excessive sentence. We affirm the sentence of imprisonment, vacate the restitution order, and remand that matter for further proceedings.

Rios had originally pled not guilty but changed his plea under an agreement whereunder the plaintiff-appellee State refrained from filing other charges and from making any recommendation as to the sentence which should be imposed.

As to the first assignment of error, the record establishes that with respect to the crime for which he was convicted, Rios, through an arrangement with a third party, delivered one-eighth of an ounce of cocaine to an undercover informant in exchange for $275 in law enforcement funds and that an additional $75 in such funds was expended in arranging for the purchase. Rios also made two subsequent sales which cost an additional $375 in law enforcement funds.

It is obvious that in computing the amount of restitution to be made by Rios, the trial court added together all law enforcement funds expended in all three undercover purchases from Rios. Rios claims that § 28-427 limits the amount of restitution to the $275 actually paid him in the one sale of which

he was convicted. He asserts the additional $75 expended was not a reasonably necessary expense.

Section 28-427 reads, in relevant part, that a court may order one convicted of violating the drugs and narcotics statutes to "make restitution to any law enforcement agency for reasonable expenditures made in the purchase of any controlled substances from such person . . . as part of the investigation leading to such conviction." Resolution of the issue is controlled by the rules that in the absence of anything indicating to the contrary, statutory language is to be given its plain and ordinary meaning, *State v. Ring*, 233 Neb. 720, 447 N.W.2d 908 (1989), and that where the words of a statute are plain, direct, and unambiguous, no interpretation is necessary or will be indulged to ascertain their meaning. *In re Application A-16642*, 236 Neb. 671, 463 N.W.2d 591 (1990); *Williams v. Hjorth*, 230 Neb. 97, 430 N.W.2d 52 (1988); *State v. Carlson*, 223 Neb. 874, 394 N.W.2d 669 (1986).

The plain and ordinary meaning of the words "as part of the investigation leading to such conviction" limits, as Rios contends, the amount of restitution ordered to the reasonable law enforcement expenses incurred in connection with the purchase of the cocaine for the sale of which Rios was convicted. Since the other two sales were subsequent to the one of which Rios was convicted, they could not have been part of the investigation leading to the conviction. Thus, when the State elected to forgo seeking to convict Rios of the subsequent sales, it elected as well to forgo any claim to reimbursement of the reasonable costs it incurred in connection with those two purchases. There is no merit, however, in Rios' claim that the $75 paid to the third party who arranged the transaction for which he stands convicted was not a reasonably necessary expense.

The remaining assignment of error requires even less comment. We repeat yet again the axiom that a sentence within the statutory limits will not be disturbed upon appeal absent an abuse of discretion. *State v. Johnson,* 236 Neb. 831, 464 N.W.2d 167 (1991). As a narcotic, cocaine is an "exceptionally hazardous drug," Neb. Rev. Stat. § 28-401(16) and (35) (Reissue 1989), the selling of which is a Class II felony, Neb.

Rev. Stat. §§ 28-405(a)(4) [Schedule II] (Reissue 1989) and 28-416(2), punishable by imprisonment for a period of from 1 to 50 years. While it is true that, as he laments, Rios is in part a victim of his own addiction, the fact remains that he stands convicted of spreading his affliction for profit. The nature of the crime is such that it cannot be said the sentence imposed constitutes an abuse of discretion.

AFFIRMED IN PART, AND IN PART VACATED AND
REMANDED FOR FURTHER PROCEEDINGS.