STATE OF NEBRASKA, APPELLEE, V. CONSUELO T. ESCAMILLA, APPELLANT.
467 N.W.2d 59

Filed March 22, 1991.   No. 90-064.

Dennis R. Keefe, Lancaster County Public Defender, and Michael D. Gooch for appellant.

Robert M. Spire, Attorney General, and David Edward Cygan for appellee.

HASTINGS, C.J., WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ., and COLWELL, D.J., Retired.

FAHRNBRUCH, J.

In this case we hold that restitution ordered in a sentence of probation is limited to the loss resulting from that offense of

which the defendant has been convicted.

The defendant, Consuelo T. Escamilla, appeals an order of the district court for Lancaster County requiring her, as a condition of her probation, to make restitution to the State of Nebraska in the sum of $13,253, when her only conviction was of fraudulently obtaining food stamps having a value of $4,763.

Originally, Escamilla was charged in a two-count information. Count I charged her with fraudulently obtaining or fraudulently attempting to obtain aid to dependent children (ADC) benefits in the amount of $500 or more. Count II charged the defendant with fraudulently obtaining or fraudulently attempting to obtain $500 or more in food stamps to which she was not entitled. Each count is a Class IV felony violation of Neb. Rev. Stat. § 68-1017 (Reissue 1990) and carries a penalty of up to 5 years' imprisonment, a fine of up to $10,000, or both, see Neb. Rev. Stat. § 28-105 (Reissue 1985).

Pursuant to a plea agreement, Escamilla entered a plea of guilty to the food stamp charge and in return the State dismissed the ADC charge. At the time of the defendant's guilty plea, a deputy county attorney, in establishing a factual basis for Escamilla's guilty plea, told the court that by claiming that she had no earned income, Escamilla received food stamp benefits in the amount of $4,763 and ADC payments in the amount of $8,490 during the period of October 1, 1986, through June 30, 1988. The prosecutor advised the court that the defendant had been employed from October 1986 to June 1988. The deputy county attorney also told the court that Escamilla admitted to an investigator that she intentionally denied her employment in order to receive benefits to which she knew she was not entitled and that these events occurred in Lancaster County, Nebraska.

Escamilla informed the court that she had no argument with the State's version of the facts. The defendant specifically admitted that the prosecutor's account was correct with respect to the count alleging unlawful acquisition of the food stamps. The court accepted the defendant's guilty plea to the food stamp charge and ordered a presentence investigation. Escamilla was subsequently sentenced to probation for a 3-year

period. As one of the conditions of probation, Escamilla was ordered to make restitution to the State of Nebraska in the sum of $13,253, the combined amount the record reflects she received in ADC *and* food stamp payments.

Escamilla's first assignment of error can be summarized as follows: She was not convicted of fraudulently obtaining or attempting to obtain ADC payments in the amount of $8,490, as that count was dismissed. However, the court's order of restitution includes that amount. Escamilla contends that the court thereby abused its discretion in ordering her to make restitution for an offense of which she was not convicted.

Other than in a few scattered statutes which are not relevant to this case, restitution in criminal cases is provided for in Neb. Rev. Stat. §§ 29-2280 to 29-2289 (Reissue 1989). "A *sentencing court* may order the defendant to make restitution for the actual physical injury or property damage or loss sustained by the victim as a direct result *of the offense for which the defendant has been convicted.*" (Emphasis supplied.) § 29-2280. Because probation constitutes a sentence, see Neb. Rev. Stat. §§ 29-2246(4) and 29-2260(4) (Reissue 1989), the district court was acting as a "sentencing court" when it ordered Escamilla to make restitution as a condition of her sentence to probation. It is clear that if an ordinary meaning is attributed to the language of § 29-2280, Escamilla could only be ordered to make restitution for the food stamp benefits unlawfully procured because that is the sole offense of which she was convicted.

This court has applied a plain reading to § 29-2280 on the two occasions in which it has been confronted with determining the meaning of the first sentence of that statute. The defendant in *State v. Kelly*, 235 Neb. 997, 458 N.W.2d 255 (1990), was originally charged with four counts of obtaining property by issuing account-closed checks. Pursuant to a plea agreement, the defendant pled guilty to two counts and agreed to pay restitution for all checks then in the office of the Dodge County Attorney's office. Count I involved a check for $628.68, and the check involved in count II was in the amount of $802.88. In return, two counts were dismissed, and the county attorney agreed not to file additional charges on some 84 checks then in

his office. A written stipulation signed by Kelly listed those checks, which with protest fees amounted to $8,829.24. The defendant was sentenced to concurrent terms of imprisonment for 1 to 2 years and ordered to pay restitution in the amount of $8,239.77. Kelly appealed to this court. Noting plain error, we reduced the amount of restitution to $1,431.56, which was the loss sustained by the victims of the offenses of which the defendant was convicted. Accord *State v. Arvizo*, 233 Neb. 327, 444 N.W.2d 921 (1989) (losses suffered by victims of other similar crimes of which the defendant was not convicted could not serve as a subject of a restitution order under § 29-2280 in connection with a guilty plea to one count of writing a no-fund check). See, also, *State v. Rios, ante* p. 232, 465 N.W.2d 611 (1991) (the amount of restitution is limited to the reasonable law enforcement expenses incurred in connection with the purchase of controlled substances for the sale of which the defendant was convicted).

The State contends that *Kelly, supra*, and *Arvizo, supra*, are inapplicable to this case because they involved an order to make restitution, which the State claims is different from an order to make restitution as a condition of probation. In support of its position, the State relies on the Nebraska Probation Administration Act, Neb. Rev. Stat. §§ 29-2246 to 29-2268 (Reissue 1989). Section 29-2262 provides in relevant part, "When a court sentences an offender to probation, it shall attach such reasonable conditions as it deems necessary or likely to insure that the offender will lead a law-abiding life." Section 29-2262 further authorizes a court to require an offender "[t]o satisfy any other conditions reasonably related to the rehabilitation of the offender." Because probation is involved in this case, the State argues that the only limit on the trial court's power regarding the amount of restitution is § 29-2262. We further note that § 29-2260(3)(f) provides that the fact an offender has compensated or will compensate a victim of his or her crime for the injury sustained by the victim weighs in favor of withholding a sentence of imprisonment.

We have held that when a court sentences a defendant to probation, it may impose any conditions of probation that are authorized by statute. See *State v. Schroder*, 218 Neb. 860, 359

N.W.2d 799 (1984). The question in Escamilla's case turns on what is authorized by statute, and that requires interpretation of two statutory schemes, Nebraska's Probation Administration Act and Nebraska's main restitution statutes. Escamilla argues that § 29-2280, which is part of the restitution statutes codified at §§ 29-2280 to 29-2289, is controlling.

As stated, § 29-2262 authorizes a court to attach certain broad conditions to probation, with the goal of rehabilitating the offender. Section 29-2260 mandates that compensation to the victim for his or her loss militates in favor of probation, and § 29-2280 limits restitution to the offense of which a defendant has been convicted.

In interpreting those statutes, we are guided by the well-established rule that "special provisions of a statute in regard to a particular subject will prevail over general provisions in the same or other statutes so far as there is a conflict. [Citation omitted.]" *Holdrege Co-op Assn. v. Wilson*, 236 Neb. 541, 548, 463 N.W.2d 312, 317 (1990). Section 29-2280 specifically provides that one may not be required to make restitution for an offense of which he or she was not convicted. No mention is made of restitution in § 29-2262. While § 29-2260 refers to restitution, it merely states that weight will be given to that fact in determining whether to withhold a sentence of imprisonment. Section 29-2260 does not answer the specific question of whether restitution is limited to convictions, as does § 29-2280. Significantly, § 29-2260(3)(f) was enacted in 1971, see 1971 Neb. Laws, L.B. 680; whereas § 29-2280 was not enacted until 1986, see 1986 Neb. Laws, L.B. 956. A subsequently enacted special statute will be regarded as an exception to, or qualification of, a general law passed prior in time. *Holdrege Co-op Assn., supra*.

To the extent there may be a conflict between § 29-2280 and § 29-2260 or § 29-2262, § 29-2280 is controlling. Upon an examination of the legislation under which the restitution statutes were enacted, this conclusion becomes inescapable. Prior to 1986, § 29-2262(j) (Reissue 1985) authorized a court, as a condition of a probation sentence, to require an offender "[t]o make restitution of the fruits of his crime or to make such reparation as the court determines to be

appropriate for the loss or damage caused thereby." When the Legislature enacted §§ 29-2280 to 29-2289, it amended § 29-2262 in that same bill. It struck from § 29-2262 the language authorizing a court to order an offender to make restitution. See 1986 Neb. Laws, L.B. 956. Due to the changes made in 1986, there is no mention of restitution in § 29-2262 (Reissue 1989). Obviously, the Legislature did not seek to eliminate restitution as a condition of probation. Instead, the Legislature intended that if restitution is imposed as a condition of probation, it is to be governed by §§ 29-2280 to 29-2289. Indeed, reference is made to probation in two instances in the restitution statutes. In § 29-2281, it is provided, "A person may not be granted or denied *probation* . . . either solely or primarily due to his or her financial resources or ability or inability to pay restitution." (Emphasis supplied.) Conditions for revoking probation for failure to comply with a restitution order are set forth in § 29-2284. Statutes relating to the same subject are in pari materia and should be construed together. *McGowen v. Nebraska State Bank*, 229 Neb. 471, 427 N.W.2d 772 (1988). Through interpretation of the relevant statutes, it is clear that the Legislature intended that § 29-2280 apply to an order to make restitution as a condition of probation. Therefore, we hold that an order to make restitution as a condition of probation is limited to the direct loss resulting from that offense of which a defendant has been convicted.

The State cites this court to *State v. McClanahan*, 194 Neb. 261, 231 N.W.2d 351 (1975). We have reviewed that case and find that the factual issue involved there is so dissimilar to the facts in this case that the rule stated in *McClanahan* is inapplicable to this case.

Having concluded that § 29-2280 does not permit a court to order an offender to make restitution on a charge of which the offender is not convicted, we need not reach the defendant's remaining assignments of error. The judgment and sentence of the district court are affirmed in all respects, except that the amount of restitution required to be paid to the State by Escamilla is reduced to $4,763.

AFFIRMED AS MODIFIED.