STATE OF NEBRASKA, APPELLEE, V.
KERRI LOBATO, APPELLANT.
611 N.W. 2d 101

Filed May 26, 2000.   No. S-99-342.

Arthur C. Toogood, Adams County Public Defender, for appellant.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

HENDRY, C.J.

## INTRODUCTION

Kerri Lobato pled guilty to theft by deception, a Class III felony, and was sentenced to 5 years' probation. As one of the terms of her probation, Lobato was ordered to spend 180 days in the county jail. Lobato appeals, claiming the sentence is excessive. We moved this case to our docket pursuant to our power to

regulate the caseloads of this court and the Nebraska Court of Appeals. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## FACTUAL BACKGROUND

Lobato was charged with two counts of theft by deception on February 17, 1998. These charges resulted from Lobato's obtaining cash and gift donations from various individuals, claiming the money was to be used for Lobato's cancer treatment and prescription drugs, when in fact Lobato knew she did not have cancer.

Lobato pled guilty to one count of theft by deception. The court sentenced Lobato to 5 years' probation. As one of the conditions of probation, Lobato was ordered to serve 180 days in the county jail. In addition, the court ordered that Lobato serve this jail time without the possibility of earning good time credit. Lobato was also ordered to pay court costs and $4,511.59 in restitution. The court further ordered Lobato to write letters of apology to each victim within 30 days.

## ASSIGNMENTS OF ERROR

Lobato claims, restated, that the trial court erred in (1) imposing a sentence of probation that was excessive and disproportionate and (2) denying Lobato the opportunity to earn good time credit during her 180-day jail term.

## STANDARD OF REVIEW

Sentences within statutory limits will only be disturbed by an appellate court if the sentence complained of was an abuse of judicial discretion. *State v. Bartholomew*, 258 Neb. 174, 602 N.W.2d 510 (1999); *State v. Urbano*, 256 Neb. 194, 589 N.W.2d 144 (1999).

Whether a condition of probation imposed by the sentencing court is authorized by statute presents a question of law. See, *State v. Wood*, 245 Neb. 63, 511 N.W.2d 90 (1994); *State v. Escamilla*, 237 Neb. 647, 467 N.W.2d 59 (1991).

## ANALYSIS

### EXCESSIVE SENTENCE

Lobato argues that "imposition of the maximum jail sentence as a condition of probation is excessive and unnecessary to reha-

bilitate this Appellant." Brief for appellant at 8. Under Neb. Rev. Stat. § 29-2262(2)(b) (Cum. Supp. 1998), the court has the authority to sentence a defendant, as a condition of probation, "[t]o be confined periodically in the county jail or to return to custody after specified hours but not to exceed (i) for misdemeanors, the lesser of ninety days or the maximum jail term provided by law for the offense and (ii) for felonies, one hundred eighty days."

■ The 180-day jail term is within the statutory limits. Absent an abuse of discretion, such a sentence will be upheld on appeal. An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *State v. Bartholomew, supra.*

The record shows that Lobato solicited and accepted donations of money and gifts from numerous victims who had been misled by Lobato into believing that she had cancer. The trial judge at sentencing noted, "it was a scam, more or less, that you perpetuated, and I can't put you on just straight probation without some jail time, because that would be viewed as a slap on the wrist. And I think it is appropriate you serve some jail time for this offense."

Behavior such as Lobato's harms not only those victimized by the "scam," but also may cast doubt on legitimate fundraising efforts on behalf of terminally ill persons with true financial needs. The trial court did not abuse its discretion in ordering Lobato to serve 180 days in jail as part of her probation.

## GOOD TIME

■ Lobato also argues that the trial court erred in ordering that Lobato could not earn good time credits while incarcerated. "[W]hen a court sentences a defendant to probation, it may impose any conditions of probation that are authorized by statute." *State v. Escamilla,* 237 Neb. at 650, 467 N.W.2d at 62; *State v. Schroder,* 218 Neb. 860, 359 N.W.2d 799 (1984). Lobato asserts that she should be allowed to earn good time credits while incarcerated under Neb. Rev. Stat. § 47-502 (Reissue 1998). Section 47-502 states that a person incarcerated in a city or county jail shall receive 7 days of good time credit for every

14 consecutive days served without committing any breach of discipline or other violation of jail regulations.

We have previously addressed the impact of § 47-502 on incarcerated probationers in *State v. Salyers*, 239 Neb. 1002, 480 N.W.2d 173 (1992). In *Salyers*, the defendant asserted that probationers serving intermittent sentences should be entitled to earn good time credit under § 47-502. We disagreed, finding that the plain language of the statute required that the jail time be served consecutively in order for § 47-502 to apply.

The State asserts that the holding of *Salyers* is without application in Lobato's case because § 47-502 has been amended since the *Salyers* decision. At the time *Salyers* was decided, an inmate in city or county jail was required to serve 21 consecutive days to earn 7 days of good time credit. In 1993, the Legislature amended § 47-502 to provide that inmates must serve 14 consecutive days to earn 7 days of good time credit. This amendment does not affect the holding in *Salyers* that probationers serving consecutive jail time are eligible to earn good time credit under § 47-502.

While the sentencing court may impose "such reasonable conditions as it deems necessary or likely to [e]nsure that the offender will lead a law-abiding life," § 29-2262(1), " 'special provisions of a statute in regard to a particular subject will prevail over general provisions in the same or other statutes so far as there is a conflict,' " *State v. Escamilla*, 237 Neb. 647, 651, 467 N.W.2d 59, 62 (1991). Denying a probationer the ability to earn good time credit as provided for by § 47-502 is thus not a condition of probation authorized by statute. See *State v. Escamilla, supra*. Lobato was sentenced to serve 180 consecutive days in the county jail. She is eligible to earn good time credit under the terms of § 47-502 while incarcerated. See *State v. Salyers, supra*.

The State argues that because Lobato was sentenced to probation and not sentenced to "punitive" incarceration, § 47-502 need not apply. We find this distinction unpersuasive. As we noted in *State v. Salyers*, 239 Neb. at 1007, 480 N.W.2d at 177, the language of § 47-502 is plain and unambiguous and "specifically applies to jail inmates who have served [the required number of] consecutive days." The trial court erred in ordering that

Lobato could not earn good time credit while incarcerated for 180 consecutive days.

## CONCLUSION

That portion of Lobato's sentence denying good time credit under § 47-502 is vacated and the cause is remanded with directions consistent with this opinion. In all other respects, the sentence is affirmed.

AFFIRMED IN PART, AND IN PART VACATED
AND REMANDED WITH DIRECTIONS.