765 N.W.2d 673 (2009)
17 Neb. App. 513
STATE of Nebraska, Appellee,
v.
Larry D. HARRIS, Appellant.
No. A-08-240.
Court of Appeals of Nebraska.
April 14, 2009.
*674 Dennis R. Keefe, Lancaster County Public Defender, and Shawn Elliott, for appellant.
Jon Bruning, Attorney General, and Kimberly A. Klein, Lincoln, for appellee.
IRWIN, MOORE, and CASSEL, Judges.
IRWIN, Judge.

I. INTRODUCTION
Larry D. Harris appeals his sentences on two counts of delivery of a controlled substance and appeals a restitution order imposed by the district court for Lancaster County, Nebraska, related to the two convictions. We find that the district court abused its discretion in imposing a restitution order exceeding that allowed by Neb. Rev.Stat. § 28-427 (Reissue 2008), and we modify the restitution order accordingly. We find no abuse of discretion in the sentence imposed. We affirm as modified.

II. BACKGROUND
On July 26, 2007, Harris was charged by information with three counts of delivery of a controlled substance. In the information, the State alleged that the three incidents forming the basis of the charges occurred on three separate dates: February 9, February 17, and March 3, 2007.
On December 13, 2007, Harris pled no contest to the first two counts charged in the information and the State dismissed the third count, pursuant to plea negotiations. The State presented a factual basis for the pleas, including asserting that on February 9 and 17, the State, through an undercover officer, had provided Harris with $50 and that Harris had purchased drugs with the money; according to the State, Harris returned $10 on February 17 because he was able to purchase only $40 worth of drugs. After hearing the factual basis as presented by the State, Harris again iterated his desire to plead no contest to both counts. The court accepted the pleas and found Harris guilty of two counts of delivery of a controlled substance.
On February 19, 2008, Harris appeared in court for sentencing. A presentence investigation had been completed, and Harris had an opportunity to review the contents of the presentence investigation report. The court inquired whether Harris had any additions or corrections to the presentence investigation report, and Harris requested the addition of two letters and informed the court that he was also on the waiting list for a rehabilitation center. Harris requested and was given additional time to review the presentence investigation report with his counsel, after which he indicated to the court that he did not have any other additions or corrections to advise the court about.
Harris' counsel and the State's counsel both argued to the court concerning the appropriate sentence to be imposed. Harris was also given an opportunity to speak to the court. At the conclusion of the State's argument, counsel for the State indicated that "the State's asking for restitution to be ordered in the amount of $140." No objection appears in the record to this statement by counsel for the State.
The court then commented on Harris' prior record, the facts of the instant convictions, and Harris' failure to take advantage of an opportunity to participate in drug court. When the court commented on Harris' failure to participate in drug court, Harris interrupted and asked to be heard, and the court declined to give Harris an opportunity to speak at that time. The court then continued to comment and ultimately pronounced consecutive sentences of 1 to 5 years' imprisonment for *675 each conviction and ordered Harris to pay court costs and restitution of $140 "for the drug money." The court then specifically asked both the State and Harris if there was "[a]nything further," to which Harris' counsel responded, "Uh, no." This appeal followed.

III. ASSIGNMENTS OF ERROR
Harris has assigned two errors on appeal. First, Harris asserts that the district court erred in ordering him to pay restitution. Second, Harris asserts that the court imposed excessive sentences.

IV. ANALYSIS

1. RESTITUTION
Harris first asserts that the district court erred in ordering him to pay restitution of $140. Harris argues that the State failed to provide notice that it was seeking restitution and that the court erred in failing to hold a hearing or receive proof of the amount sought for restitution. Although we find that Harris failed to properly challenge the notice or need for proof of the amount expended by the State for drug money and investigation in this case, we do find that the court abused its discretion in ordering a greater amount of restitution than authorized by the applicable statute, § 28-427.
Section 28-427 provides, in relevant part:
If any person is convicted for violation of the Uniform Controlled Substances Act, in addition to any penalty imposed by the court, the court may order that such person make restitution to any law enforcement agency for reasonable expenditures made in the purchase of any controlled substances from such person or his or her agent as part of the investigation leading to such conviction.
[1] In State v. Holmes, 221 Neb. 629, 379 N.W.2d 765 (1986), the Nebraska Supreme Court held that restitution ordered pursuant to § 28-427 was in the nature of a civil or administrative penalty, not a criminal penalty imposed as punishment for the crime. In State v. Rios, 237 Neb. 232, 465 N.W.2d 611 (1991), the Supreme Court held that restitution could not be ordered pursuant to § 28-427 for drug purchases made subsequent to the sale for which the defendant was convicted because they could not have been part of the investigation leading to conviction and that the State forgoes its right to claim restitution of reasonable costs in connection with sales for which the State did not seek to convict the defendant. See, also, State v. Thomas, 6 Neb.App. 510, 574 N.W.2d 542 (1998).
[2] In the present case, as detailed above in the factual background portion of this opinion, the State indicated as part of the factual basis for the pleas that Harris was provided with a total of $100 for the two drug buys that led to these convictions and that he returned $10 of that money. Harris did not object to any portion of the factual basis. Further, at sentencing, the State indicated that it was seeking restitution and Harris did not object, despite having an opportunity at the conclusion of the sentencing hearing to raise any objections he might have had. Finally, the presentence investigation report provided further information, in the form of police reports, indicating that Harris was provided $100 for the two drug buys that led to these convictions and that he returned $10 of that money. Despite more than one opportunity to do so, Harris did not raise any objection, challenge, or correction to this information in the presentence investigation report.
We conclude that, with respect to the $90 of the State's money that was used for the two drug buys that led to these convictions, *676 Harris failed to properly raise any objection or challenge to the notice or form of proof presented by the State to support the amount sought. We find no need to resolve the underlying issue that Harris raises concerning whether, if a request for restitution is properly challenged at the trial court level, sufficient notice and an appropriate hearing are required. Resolution of that issue is unnecessary because Harris did not properly object or otherwise challenge the request below and the record presented to us is comparable to the stipulation concerning the amount of expenditure for which restitution was requested in State v. Holmes, supra.
[3] We do find that the district court abused its discretion, however, in ordering restitution of the $50 allegedly spent for the drug buy that formed the basis of the third count with which Harris was charged. A review of the information indicates that the third count, which the State dismissed as part of the plea negotiation, occurred subsequent to the two counts upon which Harris was convicted. Pursuant to State v. Rios, supra, the State is not entitled to restitution under § 28-427 for expenditures subsequent to the drug buys forming the basis for the actual convictions. As such, we modify the district court's restitution order to direct that Harris be ordered to pay restitution in the amount of $90, rather than $140. The restitution order is otherwise affirmed.

2. EXCESSIVE SENTENCES
[4] Harris also asserts that the sentences imposed by the district court were excessive. Harris does not assert that the sentences imposed exceeded the statutory limits. Rather, Harris argues that the court should have been more lenient, despite his criminal history, prior struggles with drug and alcohol issues, and failure to follow through with an opportunity to enroll in drug court. In State v. Rios, 237 Neb. 232, 234, 465 N.W.2d 611, 613 (1991), the Nebraska Supreme Court repeated "yet again the axiom that a sentence within the statutory limits will not be disturbed upon appeal absent an abuse of discretion." The record presented here does not reveal an abuse of discretion, and as stated in Rios, 237 Neb. at 235, 465 N.W.2d at 614:
While it is true that, as he laments, [the appellant] is in part a victim of his own addiction, the fact remains that he stands convicted of spreading his affliction for profit. The nature of the crime is such that it cannot be said the sentence imposed constitutes an abuse of discretion.
This assignment of error is meritless.

V. CONCLUSION
We modify the restitution order to reflect that Harris is ordered to pay restitution in the amount of $90, rather than $140. We affirm the remainder of the restitution order, and we affirm the sentences imposed.
AFFIRMED AS MODIFIED.