Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/22/2022 09:07 AM CDT

State of Nebraska, appellee, v.
Joshua J. Knight, appellant.
___ N.W.2d ___

Filed April 28, 2022.    No. S-21-544.

1. **Sentences: Appeal and Error.** A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court.

2. **Judges: Appeal and Error.** When judicial discretion is exercised contrary to law or to the commonly recognized legal principles, it indicates an abuse of discretion.

3. **Statutes: Judgments: Appeal and Error.** The meaning of a statute is a question of law, on which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.

4. **Criminal Law: Legislature: Courts: Sentences.** The power to define criminal conduct and fix its punishment is vested in the legislative branch, whereas the imposition of a sentence within these legislative limits is a judicial function.

5. **Sentences.** A sentence is illegal when it is not authorized by the judgment of conviction or when it is greater or lesser than the permissible statutory penalty for the crime.

6. **Statutes: Appeal and Error.** Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.

7. **Statutes.** It is not within the province of the courts to read meaning into a statute that is not there or to read anything direct and plain out of a statute.

8. **Words and Phrases.** As a general rule, the use of the word "shall" is considered to indicate a mandatory directive, inconsistent with the idea of discretion.

9. **Sentences: Probation and Parole.** Neb. Rev. Stat. § 29-2204.02(7)(a) (Reissue 2016) requires a sentencing court to advise an offender of the time to be served based on an assumption that no good time will be lost.

10. **Statutes: Words and Phrases.** The word "include," as used in a statute, connotes that the provided list of components is not exhaustive and that there are other items includable that are not specifically enumerated.

11. **Sentences: Probation and Parole: Time.** Unless another statute provides otherwise, where an offender is originally sentenced to post-release supervision and is later resentenced to confinement in a county jail following revocation of post-release supervision, the offender is entitled to good time reduction of his or her county jail sentence pursuant to Neb. Rev. Stat. § 47-502 (Reissue 2021).

12. **Sentences: Appeal and Error.** An appellate court has the power on direct appeal to remand a cause for the imposition of a lawful sentence where an erroneous one has been pronounced.

Appeal from the District Court for Buffalo County: Ryan C. Carson, Judge. Affirmed in part, and in part vacated and remanded with directions.

D. Brandon Brinegar, Deputy Buffalo County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Cassel, J.

# I. INTRODUCTION

Joshua J. Knight appeals from a resentencing order that revoked his post-release supervision and incarcerated him in the county jail for 9 months, with credit for previous time served, but that expressly denied credit for future "good time." He argues that this denial violated Neb. Rev. Stat. § 47-502 (Reissue 2021) (county jail good time). On appeal, the State agreed, and so do we. Therefore, we vacate that portion of

his sentence and remand the cause with directions. Otherwise, we affirm.

## II. BACKGROUND

Knight was originally convicted of assault by a confined person, a Class IIIA felony, and initially sentenced to a 1-year term of imprisonment followed by 18 months of post-release supervision. Knight completed his prison term and was then released on his post-release supervision.

Ten months into Knight's post-release supervision, the State filed a motion to revoke it. It alleged that Knight violated particular conditions of his post-release supervision.

At a hearing, Knight voluntarily and knowingly admitted to the State's allegations. The district court accepted Knight's admissions and found that he violated those conditions of his post-release supervision. The court ordered that Knight be resentenced.

Following a sentencing hearing, the court issued a written sentencing order, revoking Knight's post-release supervision and sentencing him to a term of incarceration of 9 months in the "Buffalo County Jail." The court gave Knight a 27-day credit for time already served, but found that "[he did] not qualify for good time credit."

On the record at the sentencing hearing, the court explained its reasoning. The court stated: "So with the credit that I've given you and because it's post-release supervision, you don't qualify for good time credit, you will serve 243 days in jail, which just so happens to take you about to the end of your post-release supervision . . . ."

Knight filed a timely appeal to the Nebraska Court of Appeals. We moved his appeal to our docket.[1] Later, in response to our order to show cause, Knight established, and the State did not dispute, that his county jail sentence was interrupted by another sentence by a different court and remained partially unserved pending completion of the other sentence.

---

[1] See Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2020).

## III. ASSIGNMENT OF ERROR

Knight assigns that the district court erred in ordering that he did not qualify for good time credit while serving his jail sentence.

## IV. STANDARD OF REVIEW

[1,2] A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court.[2] When judicial discretion is exercised contrary to law or to the commonly recognized legal principles, it indicates an abuse of discretion.[3]

[3] The meaning of a statute is a question of law, on which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.[4]

## V. ANALYSIS

Knight's sole argument is that the court abused its discretion in finding that he did not qualify for good time, because doing so violated § 47-502. The statute requires:

> Any person sentenced to or confined in a city or *county jail*, including any person serving a custodial sanction imposed in response to a parole or probation violation, *shall*, after the fifteenth day of his or her confinement, have his or her remaining term reduced one day for each day of his or her sentence or sanction during which he or she has not committed any breach of discipline or other violation of jail regulations.[5]

Knight asserts that § 47-502 applies to him, because the court ordered that he serve his sentence in the county jail, and that therefore, he must qualify for good time credit. Knight does not dispute that his sentence to 9 months of jail

---

[2] *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022).

[3] *Dolen v. State*, 148 Neb. 317, 27 N.W.2d 264 (1947).

[4] *State v. Brown*, 300 Neb. 57, 912 N.W.2d 241 (2018).

[5] § 47-502 (emphasis supplied).

confinement, after revocation of his post-release supervision, was within the statutory limits; rather, he asserts only that the feature of the sentencing order denying good time was contrary to law.

The State agrees with Knight's argument. In its brief, the State asserted that "[its] research did not reveal any statutory or case law authority for a sentencing court to order a defendant is not entitled to earn good time credit on his sentence when the sentence is being imposed upon the revocation of post-release supervision."[6]

[4,5] The power to define criminal conduct and fix its punishment is vested in the legislative branch, whereas the imposition of a sentence within these legislative limits is a judicial function.[7] Accordingly, a sentence is illegal when it is not authorized by the judgment of conviction or when it is greater or lesser than the permissible statutory penalty for the crime.[8] Because Knight does not attack any other aspect of his resentencing, we address only whether the denial of county jail good time was contrary to law and thus an abuse of discretion.

While Knight relies solely upon § 47-502, we recognize that another statute could conceivably authorize the court's action. Before addressing § 47-502, we first examine the statutes creating the offense for which he was originally sentenced and governing imposition of post-release supervision. We next consider those addressing revocation of post-release supervision. We then turn to § 47-502. After reviewing the statutes, we will consider our case law.

[6,7] In examining these statutes, we apply settled principles of statutory interpretation. Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory

---

[6] Brief for appellee at 3.

[7] *State v. Kantaras*, 294 Neb. 960, 885 N.W.2d 558 (2016).

[8] *Id.*

words which are plain, direct, and unambiguous.[9] Similarly, it is not within the province of the courts to read meaning into a statute that is not there or to read anything direct and plain out of a statute.[10]

### 1. Statutes

#### (a) Statutes Governing Original Sentence

The statute creating the underlying offense—assault by a confined person—does not contain any language purporting to authorize a court to deny county jail good time.[11] It does mandate that certain sentences be served consecutively and imposes a limitation on credit for time spent in custody prior to sentencing.[12] But its language does not expressly authorize denial of county jail good time.

[8,9] Another statute,[13] which governs imposition of sentences for Class IIIA felonies, except in circumstances not applicable here,[14] does not authorize denial of county jail good time. To the contrary, the only language of this statute bearing on good time suggests otherwise. In pertinent part, it states:

(7)(a) When imposing a determinate sentence upon an offender under this section, the court *shall*:

. . . .

(iii) When imposing a sentence following revocation of post-release supervision, advise the offender on the record the time the offender will serve on his or her term of imprisonment, including credit for time served, *assuming that no good time for which the offender will be eligible is lost*.[15]

---

[9] *State v. Taylor*, 310 Neb. 376, 966 N.W.2d 510 (2021).

[10] *Id.*

[11] See Neb. Rev. Stat. § 28-932 (Reissue 2016).

[12] See § 28-932(2).

[13] Neb. Rev. Stat. § 29-2204.02 (Reissue 2016).

[14] See § 29-2204.02(4).

[15] § 29-2204.02(7)(a) (emphasis supplied).

Notably, this statute uses the word "shall." As a general rule, the use of the word "shall" is considered to indicate a mandatory directive, inconsistent with the idea of discretion.[16] Thus, this statute requires a sentencing court to advise an offender of the time to be served based on an assumption that no good time will be lost. It does not suggest that the court may deny good time to the offender.

### (b) Revocation Statute

The Nebraska Probation Administration Act (the act)[17] governs Knight's violation of his post-release supervision. While Knight was originally sentenced to post-release supervision rather than probation, the act defines probation to include post-release supervision.[18] It also defines probationer as a person sentenced to probation or post-release supervision.[19]

[10] The statute primarily governing revocation of post-release supervision under the act does not authorize a court to deny good time.[20] It does empower a court to revoke post-release supervision and "impose on the offender a term of imprisonment up to the original period of post-release supervision."[21] Where a sentence of incarceration is imposed, this statute requires the court to "grant jail credit for any days spent in custody as a result of the post-release supervision, *including* custodial sanctions."[22] The word "include," as used in a statute, connotes that the provided list of components is not exhaustive and that there are other items includable that are not specifically enumerated.[23]

---

[16] *State v. Madren*, 308 Neb. 443, 954 N.W.2d 881 (2021).

[17] Neb. Rev. Stat. §§ 29-2246 to 29-2269 (Reissue 2016, Cum. Supp. 2020 & Supp. 2021).

[18] See § 29-2246(4).

[19] See § 29-2246(5).

[20] See, generally, § 29-2268.

[21] § 29-2268(2).

[22] *Id.*

[23] *State v. Hofmann*, 310 Neb. 609, 967 N.W.2d 435 (2021).

By reference to a general punishment statute,[24] the post-release supervision revocation statute mandates that a sentence of less than 1 year—such as the 9-month sentence here—be served in the county jail.[25] Likewise, the general punishment statute does not contain any language suggesting that a sentencing court may deny good time.[26]

### (c) § 47-502

Section 47-502 prescribes the good time credit that a person must qualify to receive while sentenced to or confined in a county jail. As we have found regarding previous versions of § 47-502,[27] the current version is plain, direct, and unambiguous.

The statute mandates that "[a]ny person sentenced to or confined in a . . . county jail, including any person serving a custodial sanction imposed in response to a parole or probation violation, *shall*" qualify for good time.[28] Here again, the word "including" connotes that the provided list of components is not exhaustive and that there are other items includable that are not specifically enumerated.[29]

[11] We hold that unless another statute provides otherwise, where an offender is originally sentenced to post-release supervision and is later resentenced to confinement in a county jail following revocation of post-release supervision, the offender is entitled to good time reduction of his or her county jail sentence pursuant to § 47-502. Neither party has identified any statutory basis for a blanket denial of good time in a sentence to county jail confinement following a revocation of post-release supervision.

---

[24] See Neb. Rev. Stat. § 28-105(2) (Cum. Supp. 2020).

[25] See § 29-2268(2).

[26] See § 28-105.

[27] See *State v. Atkins*, 250 Neb. 315, 549 N.W.2d 159 (1996).

[28] See § 47-502 (emphasis supplied).

[29] See *State v. Hofmann, supra* note 23.

## 2. Case Law

Our case law provides no support for the contested feature of the sentencing court's order. We have discussed the requirement of good time credit for time already spent in jail.[30] In the context of sentences to probation, we have rejected the notion that the county jail good time required by § 47-502 may be denied.[31] Over 30 years ago, we held that § 47-502 applied to time spent in the county jail awaiting sentencing.[32] Our decision there recited the early history of § 47-502, which, we explained, showed that the Nebraska Legislature was concerned about persons in county institutions serving longer sentences for lesser offenses than persons in state prison serving time for more serious offenses.[33]

At oral argument, Knight speculated that the trial judge may have relied on an opinion's fleeting reference to good time during post-release supervision.[34] That reference, however, said nothing regarding county jail confinement after revocation of post-release supervision.

## 3. Resolution and Disposition

We hold that the court lacked statutory authority to order that Knight could not qualify for good time credit. Because the court ordered Knight to serve his sentence in the "Buffalo County Jail," § 47-502 applied. The statute unambiguously required that Knight "*shall*" qualify for good time credit. No other statute authorized the court to deny Knight credit for good time. Therefore, that portion of the court's sentence was contrary to law and constituted an abuse of discretion.[35]

---

[30] See *State v. Wills*, 285 Neb. 260, 826 N.W.2d 581 (2013).

[31] See, *State v. Lobato*, 259 Neb. 579, 611 N.W.2d 101 (2000); *State v. Salyers*, 239 Neb. 1002, 480 N.W.2d 173 (1992).

[32] *Williams v. Hjorth*, 230 Neb. 97, 430 N.W.2d 52 (1988).

[33] See *id.*

[34] See *State v. Artis*, 296 Neb. 172, 893 N.W.2d 421 (2017), *modified on denial of rehearing* 296 Neb. 606, 894 N.W.2d 349.

[35] See *Dolen v. State, supra* note 3.

[12] On appeal, the parties request somewhat different relief, but the difference is largely theoretical. Knight requests that we "remand with appropriate directions to vacate that portion [denying good time credit] of the trial court's [s]entencing [o]rder."[36] The State asks that we "strike the portion of the district court's order which states [Knight] does not qualify for good time credit and affirm the judgment of the district court as modified."[37] We have said that an appellate court has the power on direct appeal to remand a cause for the imposition of a lawful sentence where an erroneous one has been pronounced.[38] Here, of course, only the denial of good time credit was erroneous.

In a similar situation involving denial of good time, we vacated that portion of the sentencing order, remanded the cause with directions consistent with our opinion, and in all other respects, affirmed the sentence.[39] We follow the same course here.

## VI. CONCLUSION

The portion of Knight's sentence denying good time credit under § 47-502 is vacated and the cause is remanded with directions consistent with this opinion. In all other respects, the sentence is affirmed.

Affirmed in part, and in part vacated
and remanded with directions.

---

[36] Brief for appellant at 9.

[37] Brief for appellee at 3-4.

[38] *State v. Kantaras, supra* note 7.

[39] See *State v. Lobato, supra* note 31.